IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

INSTEEL WIRE PRODUCTS COMPANY,      )
                                     )
            Plaintiff,               )
                                     )
    v.                               )   1:07CV641
                                     )
DYWIDAG SYSTEMS INTERNATIONAL        )
USA, INC.,                           )
                                     )
            Defendant.               )

MEMORANDUM OPINION

This matter is before the Court on a Recommendation of the United States Magistrate Judge [Document #36], which was filed and served on the parties pursuant to 28 U.S.C. § 636(b). As set out in the Recommendation, this case involves multiple breach of contract claims relating to purchases of "wire strand" by Defendant Dywidag Systems International USA, Inc. ("DSI") from Plaintiff Insteel Wire Products Company ("Insteel"). This case was originally filed by Insteel in North Carolina state court, but was removed to this Court by DSI based on diversity jurisdiction. However, Insteel filed a Motion to Remand contending that the parties' agreements included a "Forum Selection Clause" requiring disputes to be brought only in North Carolina state court. In the Recommendation, the Magistrate Judge recommended that Insteel's Motion to Remand be granted based on the Forum Selection Clauses contained in Insteel's "Sales Order Acknowledgments" which purportedly became part of the parties' agreements. DSI has filed timely Objections and Insteel has responded thereto.

The Court has reviewed the Recommendation and the Objections and Response, and concludes that the Forum Selection Clauses contained in Insteel's Sales Order

Acknowledgments could not have been a term of the parties' agreements at issue in this case.[1] Specifically, the Court notes that there are several possible factual scenarios that could establish the basis of the contractual agreements between the parties in this case, including (1) DSI's contention that the parties formed a contract by the exchange of telephone calls and letters prior to the shipment of any goods and before the Sales Order Acknowledgments were ever sent; (2) DSI's contention that even if no prior contract existed, DSI issued purchase orders for the wire strand and, for at least some shipments, Insteel unconditionally accepted DSI's offer to purchase wire strand or shipped the goods to DSI prior to issuance of a Sales Order Acknowledgment; and (3) Insteel's contention that no prior agreement existed, that DSI issued purchase orders, and that Insteel shipped the goods accompanied by a Sales Order Acknowledgment containing the Forum Selection Clause. However, as discussed below, under none of those scenarios could the Forum Selection Clause have been a term of any of the parties' agreements for the purchase

---

[1] The Court also notes that Insteel contends that the Court should review the Recommendation under a "clearly erroneous or contrary to law" standard because a motion to remand is not a dispositive motion. The Court notes that there is conflicting authority with regard to whether Magistrate Judges may enter orders allowing motions to remand or should instead enter only Recommended Decisions. See, e.g., Jonas v. Unisun Ins. Co., 2000 WL 1350648, at * 1 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing a report and recommendation for the district court's review)"). In this case, the Magistrate Judge issued a Recommendation to this Court to which DSI has filed timely objections. This Court reviews *de novo* the Recommended Decisions of Magistrate Judges to which objections have been filed whether or not the underlying motion involves a dispositive or nondispostive matter. See 28 U.S.C. § 636(b)(1). Therefore, the Court finds that *de novo* review is appropriate in this instance without addressing the question of whether a motion to remand is dispostive or nondispositive. See also Mullins v. Hinkle, 953 F. Supp. 744, 746 n.1 (S.D. W. Va. 1997) (concluding that *de novo* review is appropriately applied "to any timely objections to a Magistrate Judge's Findings and Recommendations, whether the findings and recommendation relate to a dispositive or a nondispositive matter").

of wire strand.

Under the first possible scenario, the parties formed a contract by the exchange of telephone calls and letters prior to the shipment of any goods and before the Sales Order Acknowledgments were ever sent. Under this first scenario, a contract was formed between the parties prior to the issuance of the Sales Order Acknowledgment, and the terms of that prior agreement would control. In this scenario, any additional term contained in the Sales Order Acknowledgment would be regarded as a proposal for an additional term under the Uniform Commercial Code ("UCC") section 2-207(2). See N.C. Gen. Stat. § 25-2-207(2).[2] Under UCC

---

[2] There is some dispute regarding which state's law will control in this case. However, all of the relevant states in this case, that is, Florida, Georgia, Illinois, New Jersey, New York, North Carolina, and Texas, have the same version of UCC §§ 2-204, 2-206 and 2-207. Therefore, the Court cites to the North Carolina statute for ease of reference.

N.C. Gen. Stat. § 25-2-207 states:
(1) A definite and seasonable expression of acceptance or a written confirmation which is sent within a reasonable time operates as an acceptance even though it states terms additional to or different from those offered or agreed upon, unless acceptance is expressly made conditional on assent to the additional or different terms.

(2) The additional terms are to be construed as proposals for addition to the contract. Between merchants such terms become part of the contract unless:
(a) the offer expressly limits acceptance to the terms of the offer;
(b) they materially alter it; or
(c) notification of objection to them has already been given or is given within a reasonable time after notice of them is received.

(3) Conduct by both parties which recognizes the existence of a contract is sufficient to establish a contract for sale although the writings of the parties do not otherwise establish a contract. In such case the terms of the particular contract consist of those terms on which the writing of the parties agree, together with any supplementary terms incorporated under any other provisions of this chapter.

3

2-207(2), additional terms that materially alter the agreement do not become part of the contract. With respect to the Forum Selection Clause contained in the Sales Order Acknowledgments in this case, the Forum Selection Clause would materially alter the agreement between the parties, and therefore would not become part of the contract in this first scenario. See id.; see also Triad Int'l Maint. Corp. v. Aim Aviation, Inc., 473 F. Supp. 2d 666, 670 n.2 (M.D.N.C. 2006) (noting that the proposed addition of a forum selection clause materially alters an agreement). Thus, to the extent the parties reached an agreement prior to the shipment of any goods and prior to the issuance of any Sales Order Acknowledgments, the Forum Selection Clause would not be a term of the parties' agreements.

Under the second possible scenario, the parties did not form a contract prior to the shipment of goods, but DSI issued a Purchase Order and then Insteel shipped product to DSI prior to the issuance of a Sales Order Acknowledgment. Under this scenario, which DSI contends applies to at least some of the claims, the purchase orders from DSI would be considered "offers to purchase" wire strand. See Roanoke Cement Co. v. Falk Corp., 413 F.3d 431, 433 (4th Cir. 2005) (noting that a "purchase order is generally an offer which may then be accepted or rejected by a seller") (internal quotation and citation omitted). If, in response to this offer to purchase, Insteel shipped goods to DSI prior to the issuance of a Sales Order Acknowledgment containing the Forum Selection Clause, the shipment of goods would constitute acceptance of DSI's offer, and an agreement would be formed based on the terms of DSI's purchase order, to the exclusion of the Forum Selection Clause in Insteel's Sales Order

4

Acknowledgment. See §§ 25-2-204, 25-2-206(1)(b).[3] In this scenario, a contract was formed by the shipment of goods prior to the issuance of the Sales Order Acknowledgment, and as in the first scenario discussed above, any additional term contained in the Sales Order Acknowledgment would be regarded as a proposal for an additional term. Since the Forum Selection Clause materially alters the agreement, it would not become part of the contract. See § 25-2-207(2).

Under the third possible scenario, the parties did not form a contract prior to the shipment of goods, DSI issued purchase orders, and then Insteel shipped goods to DSI *accompanied by* the Sales Order Acknowledgment. Under this scenario, two possible variations exist. First, if the Sales Order Acknowledgment is considered an unconditional acceptance, then a contract was formed and the additional terms in the Sales Order Acknowledgment are construed as proposals for additions to the contract. See § 25-2-207(1) & (2). As discussed above, since the Forum Selection Clause at issue in this case would be considered a material alteration to the parties' agreement, it would not become part of the agreement. See id.; Triad Int'l Maint., 473 F. Supp. 2d at 670 n.2. In the alternative, if the Sales Order Acknowledgment accompanying the goods were instead a conditional acceptance, expressly conditioned on DSI's assent to all the terms contained therein, the Sales Order Acknowledgment would not be a valid

---

[3] N.C. Gen. Stat. § 25-2-204 states, in pertinent part: "(1) A contract for the sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract." Section 25-2-206(1)(b) states, in pertinent part, "an order or other offer to buy goods for prompt or current shipment shall be construed as inviting acceptance either by a prompt promise to ship or by the prompt or current shipment of conforming or nonconforming goods."

acceptance under § 25-2-207(1) and, accordingly, no contract would be created by the exchange of the parties' forms. See § 25-2-207(1). Rather, the Sales Order Acknowledgment form would constitute a counteroffer which would require DSI's affirmative acceptance in order for the terms therein to become part of the parties' agreement. See JOM, Inc. v. Adell Plastics, Inc., 193 F.3d 47, 53 (1st Cir. 1999) ("[I]f the seller does make its acceptance "expressly conditional" on the buyer's assent to any additional or divergent terms in the seller's invoice, the invoice is merely a counteroffer, and a contract is formed only when the buyer expresses its affirmative acceptance of the seller's counteroffer."). However, DSI's acceptance of the goods alone would not constitute acceptance of the terms of the Sales Order Acknowledgment. See, e.g., PCS Nitrogen Fertilizer, L.P. v. Christy Refractories, L.L.C., 225 F.3d 974, 980 (8th Cir. 2000) ("[M]ere acceptance of and payment for goods does not constitute acceptance of all the terms in the seller's counter-offer . . . Instead, specific and affirmative assent to the seller's counter-offer is necessary to create a contract."). In this instance, no additional action or evidence of affirmative assent to the Forum Selection Clause has been presented by the parties. Thus, if as Insteel contends, the Sales Order Acknowledgment is considered expressly conditional, Insteel did not accept DSI's initial offer to purchase, and DSI did not affirmatively accept Insteel's counter-offer, no agreement was formed between the parties. However, to the extent that the parties' conduct may nevertheless have established the existence of a contract, that is, via Insteel's shipment and DSI's acceptance of the goods, the applicable terms of the contract are those terms on which the writings of the parties agree. See § 25-2-207(3); see also Dorton v. Collins & Aikman Corp., 453 F.2d 1161, 1168 (6th Cir. 1972) ("[W]hen no contract is recognized

6

under Subsection 2-207(1) . . . the entire transaction aborts at this point. If, however, the subsequent conduct of the parties - particularly, performance . . . under what they apparently believe to be a contract - recognizes the existence of a contract, under Subsection 2-207(3) such conduct by both parties is sufficient to establish a contract, notwithstanding the fact that no contract would have been recognized on the basis of their writings alone."). Thus, under § 25-2-207(3), the agreement between DIS and Insteel integrates those terms on which the parties' writings agree, which necessarily excludes the Forum Selection Clause contained in Insteel's Sales Order Acknowledgment. Therefore, under the third scenario, the Forum Selection Clause could not have become a term of the parties' agreement. Thus, the Court concludes that under none of the possible scenarios could the Forum Selection Clause contained in the Sales Order Acknowledgment have become a term of the parties' agreements.

In its Response to the Objections, Insteel nevertheless contends that the Forum Selection Clause became part of the parties' agreements based on the parties' "course of dealing." However, the fact that the Sales Order Acknowledgment was included with multiple shipments of goods does not establish a course of dealing. Rather the multiple forms merely demonstrate Insteel's desire to include the Forum Selection Clause as a term of the parties' agreements. See Step-Saver Data Sys., Inc. v. Wyse Tech., 939 F.2d 91, 104 (3d Cir. 1991) (holding that "the repeated sending of a writing which contains certain standard terms, without any action with respect to the issues addressed by those terms, cannot constitute a course of dealing which would incorporate a term of the writing otherwise excluded under § 2-207" because "the repeated exchange of forms by the parties only tells [buyer] that [seller] desires certain terms.").

7

To find otherwise in this case would completely undermine the legal rules set out above. Insteel points to no other basis on which a Forum Selection Clause could be part of the parties' course of dealing, nor is such a clause a "usage of trade" in the wire strand industry such that it would be included in any agreement to purchase wire strand. Therefore, because the Forum Selection Clause in the Sales Order Acknowledgments could not have become a term of the parties' agreement under any of the possible scenarios, the Court finds that North Carolina State Court is not the parties' contractually agreed upon forum.[4] Therefore, the Court will deny Insteel's Motion to Remand which Insteel based on the Forum Selection Clause purportedly contained in the parties' agreements.

Having concluded that the Motion to Remand should be denied, the Court notes that DSI previously filed a Motion to Dismiss or to Stay the Proceedings [Document #13] based on the existence of parallel litigation in Ohio. However, the parties have not addressed the current status of that litigation or whether a continued basis exists to stay the present suit. Therefore, DSI's Motion to Dismiss or Stay will be denied without prejudice to DSI's ability to file a renewed motion within 20 days setting out the current status of that litigation and the basis for any request to dismiss or stay this case in the current circumstances.

Finally, the Court notes that Insteel has filed a Request for Oral Argument [Document #34]. However, the Court has thoroughly reviewed the Recommendation, the Objections, the

---

[4] The Court notes DSI's contention that Ohio Code § 4113.62 would otherwise void Insteel's Forum Selection Clause in some of the contracts if the Court were to find that the clause was indeed included in those contracts. However, the Court does not address this contention in light of its conclusion that in any event, the Forum Selection Clause contained in Insteel's Sales Order Acknowledgment is not a term of the parties' agreements.

8

Response to the Objections, and the record, and has determined that oral argument in this matter is neither warranted nor necessary for determination of this matter. Therefore, Insteel's Request for Oral Argument will be denied.

Accordingly, for the reasons set out above, IT IS THEREFORE ORDERED that Plaintiff Insteel Wire Products Company's Motion to Remand [Document #10] and Request for Oral Argument [Document #34] are DENIED.

IT IS FURTHER ORDERED that Defendant Dywidag Systems International USA, Inc.'s Motion to Dismiss or to Stay the Proceedings [Document #13] is DENIED without prejudice to Defendant Dywidag Systems International USA, Inc.'s ability to refile its motion within 20 days as set out herein.

An Order consistent with this Memorandum Opinion will be filed contemporaneously herewith.

This, the 28 day of July, 2009.

United States District Judge